Case No. 22-1459

_____

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld and others similarly situated,

Plaintiffs-Appellants,

v.

Jodi Harpstead; Kevin Moser, in their individual and official capacities; Peter Puffer; Ann Zimmerman, in their individual and official capacities; Nancy Johnston, in their individual and official capacities; Jannine Hébert, in their individual and official capacities

Defendants-Appellees.

_____

Appeal from the U.S. District Court for the District of Minnesota
(11-cv-03659-DWF-TNL)

_____

**PLAINTIFFS-APPELLANTS' PETITION FOR REHEARING EN BANC**

_____

# TABLE OF CONTENTS

RULE 35(b)(1) STATEMENT ...................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ............................................2

    I.      The Record Does Not Support a Conclusion that Plaintiffs Failed to Raise Their *Youngberg* Professional Judgment Argument. ........................5

    II.     This Court Should Not Adopt Precedent That Parties Can Waive Application of the Correct Standard of Law. .............................................7

    III.    Because the Parties and the U.S. Government Fully Briefed the Application of *Youngberg,* Declining to Rule on the Merits is Inconsistent with Substantial Justice. .......................................................10

CONCLUSION .......................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Allison v. Snyder,*
    332 F.3d 1076 (7th Cir. 2003) ................................................................................9

*Bateman v. U.S. Postal Serv.,*
    231 F.3d 1220 (9th Cir. 2000) ................................................................................7

*Beaulieu v. Ludeman,*
    690 F.3d 1017 (8th Cir. 2012) ........................................................................ *passim*

*Bell v. Wolfish*,
    441 U.S. 520 (1979) ................................................................................................4

*Bernacchi v. First Chicago Ins. Co.*,
    52 F.4th 324 (7th Cir. 2022) ...................................................................................7

*Cleland v. United States*,
    874 F.2d 517 (8th Cir. 1989) ..................................................................................1

*Cooter & Gell v. Hartmarx Corp.,*
    496 U.S. 384 (1990) ................................................................................................8

*Gregory ex rel. Gregory v. Honeywell, Inc.,*
    835 F.2d 181 (8th Cir.1987) ........................................................................... 10, 11

*Healey v. Spencer,*
    765 F.3d 65 (1st Cir. 2014) .....................................................................................9

*In re Blodgett*,
    510 N.W.2d 910 (Minn. 1994) ...............................................................................3

*In re Modern Textile, Inc.,*
    900 F.2d 1184 (8th Cir.1990) ......................................................................... 10, 11

*In re Nielsen*
    16-CV-00081-LTB-MJW, 2017 WL 57260 (D. Colo. Jan. 4, 2017) ....................7

*Kamen v. Kemper Fin. Servs., Inc.*,
    500 U.S. 90, (1991) ............................................................................................. 7

*Karsjens v. Harpstead*,
    No. 22-1459, 2023 WL 4537942 (8th Cir. 2023) ................................... 5, 6, 7, 9

*Karsjens v. Jesson*,
    283 F.R.D. 514 (D. Minn. 2012) ......................................................................... 2

*Karsjens v. Jesson*,
    No. 11-3659, 2015 WL 420013, fn. 17 (D. Minn. Feb. 2, 2015) ................. 10, 11

*Karsjens v. Lourey*,
    988 F.3d 1047 (8th Cir. 2021) ................................................................ 2, 4, 6, 8

*Karsjens v. Piper*,
    845 F.3d 394 (8th Cir. 2017) ...................................................................... 2, 3, 4

*Kleidman v. Willhite*,
    No. 2:20-cv-02365-PSG-JDE, 2020 WL 5823278 (C.D. Cal., Aug. 20, 2020) .... 7

*Manypenny v. U.S.*,
    948 F.2d 1057 (8th Cir. 1991) ........................................................................... 10

*Matherly v. Andrews,*
    859 F.3d 263 (4th Cir. 2017) ............................................................................... 8

*Morrow v. Greyhound Lines, Inc.,*
    541 F.2d 713 (8th Cir.1976) .............................................................................. 10

*N. Bottling Co. v. Pepsico, Inc.*,
    5 F.4th 917 (8th Cir. 2021) .................................................................................. 6

*Sanders v. Clemco Indus.*,
    823 F.2d 214 (8th Cir.1987) .............................................................................. 10

*Singleton v. Wulff,*
    428 U.S. 106 (1976) ........................................................................................... 10

Appellate Case: 22-1459    Page: 4    Date Filed: 08/14/2023 Entry ID: 5305497

*Stafford v. Ford Motor Co.*,
    790 F.2d 702 (8th Cir. 1986) ...............................................................................10

*U.S. v. Hinkson,*
    585 F.3d 1247 (9th Cir. 2009) ..........................................................................8, 9

*United States v. Campbell*,
    26 F.4th 860 (11th Cir. 2022) ...............................................................................7

*United States v. Orsini*,
    907 F.3d 115 (1st Cir. 2018).................................................................................7

*United States v. Undetermined Quantities of All Articles of Finished & In-Process Foods*,
    936 F.3d 1341 (11th Cir. 2019) ............................................................................7

*Youngberg v. Romeo*,
    457 U.S. 307 (1982)................................................................................. 1, 10, 11

Statutes

Minn. Stat. § 253B ......................................................................................................2

Rules

Fed. R. App. P. 32(a)(5)............................................................................................13
Fed. R. App. P. 32(a)(6)............................................................................................13
Fed. R. App. P. 32(a)(7)(B)(iii) ................................................................................13
Fed. R. App. P. 35(b)(2)(A)......................................................................................13

# RULE 35(b)(1) STATEMENT

Plaintiffs-Appellants ("Plaintiffs") respectfully urge the Court to rehear this case *en banc* because the Panel's decision conflicts with the Supreme Court's decision in *Youngberg v. Romeo,* and this Court's decision in *Beaulieu v. Ludeman.*

## The Panel Decision Conflicts with Controlling Case Law

In *Youngberg v. Romeo*, 457 U.S. 307 (1982), the Supreme Court applied the "professional judgment" standard to constitutional questions involving civilly committed people. This Court recognized that standard in *Beaulieu v. Ludeman,* 690 F.3d 1017, 1032 (8th Cir. 2012). Although the Panel recognized that prior holding in *Beaulieu*, it nonetheless concluded that Plaintiffs insufficiently cited *Youngberg* in its previous appellate briefs and before the district court and therefore waived application of the professional judgment standard. Plaintiffs disagree with that factual conclusion but because this Court always applies the correct legal standard, the correct legal standard cannot be waived by a party.

## This Case Presents Questions of Exceptional Importance

Even if this Court declines to review this case *en banc* because of the conflict described above, *en banc* review should be granted because this case presents constitutional questions of exceptional importance and this Court should rule on the merits of those claims.

Because the Court has discretion to entertain this appeal even if an issue was not raised sufficiently in the district court or on appeal, and the issues of law have been fully briefed, justice requires considering Plaintiffs' claims on the merits. *See Cleland v. United States*, 874 F.2d 517, 522 n.6 (8th Cir. 1989). Here, the parties briefed the *Youngberg* issue extensively and it was a key focus of the arguments in the district court and on appeal. Because this issue raises important constitutional concerns, the Panel or the full Court should confirm the application of *Youngberg's* professional judgment standard as articulated in *Beaulieu* and remand with directions for the district court to apply the correct legal standard.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

The factual and procedural background of this case have been detailed in this Court's and the district court's prior orders and are not recited at length here. *See Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017) ("*Karsjens I*"); *Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021) ("*Karsjens II*").

This *pro se* case was filed on December 21, 2011, alleging constitutional and state law violations relating to Minnesota's indefinite civil commitment scheme. On July 24, 2012, the district court certified a class consisting of "[a]ll patients currently civilly committed in the Minnesota Sex Offender Program pursuant to Minn. Stat. § 253B." *See Karsjens v. Jesson,* 283 F.R.D. 514, 420 (D. Minn. 2012); R. Doc 203. Subsequently, the district court bifurcated the trial into two phases. R. Doc. 647. The Phase One trial involved Counts I, II, III, IV, V, VI, VII and XI of Plaintiffs' Third Amended Complaint ("TAC"), R. Doc. 635,[2]

---

[1] Throughout this brief, "R. Doc." refers to docket entries in the district court. "Add." refers to Plaintiffs' appendix filed with Plaintiffs' opening appeal brief. "D. Br." refers to Defendant's appellate brief. "D. App" refers to Defendants' appendix filed with Defendants' brief.

[2] Plaintiffs' Third Amended Complaint alleges that the Minnesota Sex Offender Program ("MSOP") is punitive in Count V (the MSOP is operated in a punitive manner); Count VI (failure to provide less restrictive alternatives is "tantamount to punishment") and Count VII (confinement to the MSOP is "tantamount to punishment" because it continues even when statutory commitment criteria are no longer met). R. Doc. 635, at ¶¶254-261, 269-297.

2

began on February 9, 2015, and concluded on March 18, 2015.[3] R. Docs. 839, 847-48, 851-52, 860-62, 865-66, 869-72, 883-85, 887-88, 892-93, 902, 906-08. Counts VIII, IX, and X were reserved for Phase Two of trial. R. Doc. 647.

After a six-week trial, the district court found for Plaintiffs on Counts I and II, concluding that the Minnesota Commitment and Treatment Act (the "Act") was unconstitutional on its face and as applied. R. Doc. 966, at 9, 11. Based on the Minnesota Supreme Court's previous decisions applying strict scrutiny to the Act, *see e.g., In re Blodgett*, 510 N.W.2d 910, 914 (Minn. 1994), and because the Act implicated the fundamental liberty rights of Plaintiffs, the district court applied strict scrutiny to Plaintiffs' Counts I and II. R. Doc. 966, at 53.[4] On appeal this Court reversed holding that the Act was not unconstitutional on its face or as-applied under the *Lewis* fundamental rights/shocks the conscience test. *See Karsjens I*, 845 F.3d 394. *Karsjens I* did not make any findings regarding Counts III, V, VI or VII. *Id.*

On remand, the district court dismissed Plaintiffs' remaining Phase One claims (Counts III, V, VI and VII) with prejudice and dismissed Plaintiffs' remaining

---

[3] Counts IV, XI, XII and XIII were dismissed with prejudice on August 10, 2015. R. Doc. 1005.
[4] The district court expressly declined to decide Counts III, V, VI and VII, stating, "because any remedy fashioned [as to Counts I and II] will address the issues raised in the remaining Phase One Counts, the Court need not address Counts III, V, VI and VII." *Id.* at 65.

3

Phase Two claims (Counts VIII, IX and X) with prejudice. Add. 42; R. Doc. 1108. Plaintiffs appealed and on February 24, 2021, this Court reversed the district court's opinion as to Counts V, VI and VII, in large part because it found the district court applied the wrong legal standard. *See Karsjens II,* 988 F.3d 1047. This Court remanded and directed the district court to apply the *Senty-Haugen v. Goodno* deliberate indifference standard to the deficient medical treatment portion of Count VII and to apply the *Bell v. Wolfish* standard to Counts V, VI, and the remaining portion of Count VII. *Id.*

On remand, the district court again dismissed Plaintiffs' remaining claims, finding that Count VI was duplicative of Counts I and II, and that Counts V and VII were already considered and dismissed. R. Doc. 1197, at 30 (citing *Karsjens I,* 845 F.3d at 410; *Karsjens II*, 988 F.3d at 1051). In a footnote, the district court briefly discussed Plaintiff's claims under *Bell v. Wolfish*, 441 U.S. 520 (1979) and found that they still fail. R. Doc. 1193, at fn. 8. The district court did not apply the "professional judgment" standard from *Youngberg* or *Beaulieu. Id.*

Plaintiffs appealed the district court's order, R. Doc. 1200, focusing on the district court's failure to apply *Youngberg's* professional judgment standard and its failure to consider the conditions of confinement as a whole.[5] On July 13, 2013, this

---

[5] In addition to the briefs submitted by the parties, the United States of America submitted an Amicus Curiae brief in support of Plaintiffs, which focused almost

4

Court affirmed the district court, largely on the grounds that Plaintiffs waived their arguments regarding *Youngberg* by failing to meaningfully raise its professional-judgment standard in *Karsjens II* and before the district court after remand. *Karsjens v. Harpstead*, No. 22-1459, 2023 WL 4537942, at *4 (8th Cir. 2023) ("*Karsjens III*").[6]

Plaintiffs respectfully request rehearing or *en banc* review of the Panel decision.

I. **The Record Does Not Support a Conclusion that Plaintiffs Failed to Raise Their *Youngberg* Professional Judgment Argument.**

In its most recent decision, this Court's Panel concluded that "Appellants' argument that we should apply the *Youngberg* standard, raised for the first time on the third appeal, is too late." *Karsjens III,* 2023 WL 4537942, at *5. But the record conflicts with that conclusion.

Plaintiffs argued for the application of *Youngberg* standard repeatedly before the district court and before this Court on the previous appeal. First, *Karsjens II* specifically directed the district court to look at whether Plaintiffs' conditions of confinement amount to constitutionally impermissible punishment "[b]ased on the

---

entirely on *Youngberg's* professional judgment standard. See Brief for the United States as Amicus Curiae in Support of Plaintiffs-Appellants filed on 7/1/2022 with this Court (hereinafter referred to as "U.S. Br.")

[6] As of the writing of this motion, no pincite was available for this citation in F.4th format. For the sake of clarity, Plaintiffs will continue to utilize citations in WL format.

Supreme Court's pronouncements in *Bell* and *Youngberg*." *Karsjens II*, 988 F.3d at 1051. That is, this Court provided explicit guidance on which principles the district court should consider on remand, including *Youngberg*. Second, Plaintiffs specifically made the *Youngberg* "professional judgment" argue below and both sides cited *Youngberg* and argued whether it was the proper standard before the district court. See e.g. R. Doc. 1192 at 10:4-8; 12:11-13:8; 13:15-17:6; 18:3-20:8; 21:8-15; 29:14-31:13; 35:8-36:2; 40:4-8; 48:6-16; 49:4-51:11; 52:8-14; 52:21-53:13; D. App. 753, 755-757; D. App. 641.

This situation is factually different from *N. Bottling Co. v. Pepsico, Inc.*, 5 F.4th 917, 923 (8th Cir. 2021), which the Panel cited for the proposition that "[h]appening to cite a case involving the same issue without developing an argument is not enough to preserve an issue for an appeal." *See Karsjens III,* 2023 WL 4537942, at *5. As set forth above, the parties both cited *Youngberg* and its application was specifically argued before the district court.

Irrespective of the frequency with which Plaintiffs cite *Youngberg,* this is not an instance of a party simply citing a case and using that citation in a later appeal to introduce new arguments. *Youngberg* builds on *Bell* by addressing the issue of punishment in the context of civilly committed individuals. *See* U.S. Br. at 14.; *see also Beaulieu,* 690 F.3d at 1031-32. Because they are intertwined, there is no offense

6

to "fairness, judicial economy, and practical wisdom." *Karsjens III,* 2023 WL 4537942, at *6 (quoting *United States v. Orsini*, 907 F.3d 115, 119 (1st Cir. 2018)).

## II. This Court Should Not Adopt Precedent That Parties Can Waive Application of the Correct Standard of Law.

The district court failed to analyze Plaintiffs' claims under the correct standard of law. This is reversible error and a party's failure to cite a particular case (or particular legal standard) does not relieve the district court of its duty to apply the correct legal standard. *See Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1224 (9th Cir. 2000); *see also Kleidman v. Willhite*, No. 2:20-cv-02365-PSG-JDE, 2020 WL 5823278, at *4 (C.D. Cal., Aug. 20, 2020); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99, (1991) (stating that a court "is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."); *Bernacchi v. First Chicago Ins. Co.*, 52 F.4th 324, 328 (7th Cir. 2022).

To hold otherwise would result in a perverse rule because this Court is not obliged to decide the question with blinders on. *See United States v. Undetermined Quantities of All Articles of Finished & In-Process Foods*, 936 F.3d 1341, 1350 (11th Cir. 2019), but rather the Court's role is to "get it right." *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022); *In re Nielsen*, No. 16-CV-00081-LTB-MJW, 2017 WL 57260 (D. Colo. Jan. 4, 2017) (stating that "[a]lthough the

7

parties all failed to cite the correct standard of review, I decline to decide this appeal under the wrong standard.").

Indeed, courts have found that the first step of an abuse of discretion test is to determine de novo whether the trial court identified the correct legal rule to apply to the relief requested. If the trial court failed to do so, the appellate court must conclude that the trial court abused its discretion. *U.S. v. Hinkson,* 585 F.3d 1247, 1261-62 (9th Cir. 2009) (footnote omitted). This Court must not base its rulings on an erroneous view of the law. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990).

Here, the Court's earlier opinions and the caselaw make it apparent that conditions of confinement claims brought by civilly committed individuals are governed, at least in part, by *Youngberg*. *See, e.g., Karsjens II,* 988 F.3d 1047, at 1053 (finding that "based on the Supreme Court's pronouncements in *Bell* and *Youngberg*, we conclude that the *Bell* standard applies equally to conditions of confinement claims brought by pretrial detainees and civilly committed individuals, as neither group may be punished,"); *Beaulieu,* 690 F.3d at 1032 (citing *Youngberg* for the proposition that "[t]he Constitution only requires that courts make certain that professional judgment in fact was exercised."); *see also Matherly v. Andrews,* 859 F.3d 263, 274-76 (4th Cir. 2017) (citing *Youngberg* alongside *Bell* for the proposition that involuntarily committed individuals are entitled to reasonable

8

conditions of safety and freedom from unreasonable restraints requiring the court to ensure that professional judgment was in fact exercised); *Healey v. Spencer,* 765 F.3d 65, 78-79 (1st Cir. 2014) (citing *Youngberg* for the proposition that "civilly committed persons must show that the defendant failed to exercise a reasonable professional judgment); *Allison v. Snyder,* 332 F.3d 1076, 1079 (7th Cir. 2003) (committed individuals under the Illinois Sexual Dangerous Persons Act "need a genuinely federal rule, such as the principle articulated in *Youngberg v Romeo*[.]")

This Court's Panel opinion did not once assert that *Youngberg* is inapplicable. *See Karsjens III,* 2023 WL 4537942, at *4 (finding that the *Youngberg* and *Bell* analyses are "distinct", their "outcomes were similar," and "either approach results in the court deferring to the professional expertise of the institution's administrators when evaluating the relationship between the challenged condition and the government's interest.") (internal quotations and alterations omitted). But that is a far cry from asserting that *Youngberg* is inapplicable to the case at hand. Insofar as *Youngberg* is an essential piece of evaluating the constitutionality of Defendants' actions, Plaintiffs cannot waive this analysis, and the Panel abuses its discretion by dismissing the appeal without considering its merits. *See, e.g., Hinkson,* 585 F.3d at 1261-62.

### III. Because the Parties and the U.S. Government Fully Briefed the Application of *Youngberg,* Declining to Rule on the Merits is Inconsistent with Substantial Justice.

The general rule is that an appellate court will not consider an issue not raised in the trial court except where the obvious result would be a miscarriage of justice or where failure to consider the issue would be inconsistent with substantial justice. *See Gregory ex rel. Gregory v. Honeywell, Inc.,* 835 F.2d 181, 184 (8th Cir.1987). "Depending on the facts of an individual case, however, this court has the discretion to consider an issue for the first time on appeal." *Sanders v. Clemco Indus.,* 823 F.2d 214, 217 (8th Cir.1987) (citing *Singleton v. Wulff,* 428 U.S. 106, 121 (1976)). An issue may be considered if it presents a legal question that has been fully briefed and argued by the parties. *See In re Modern Textile, Inc.,* 900 F.2d 1184, 1191 (8th Cir.1990); *Stafford v. Ford Motor Co.*, 790 F.2d 702, 706–07 (8th Cir. 1986) (reversing summary judgment because "the failure to address Stafford's section 2(b) exhaustion argument "would be inconsistent with substantial justice") (quoting *Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713, 724 (8th Cir.1976)); *Manypenny v. U.S.*, 948 F.2d 1057, 1062–63 (8th Cir. 1991) (declining to affirm based on waiver because "we nonetheless believe it is desirable to address [plaintiffs' claims]").

Here, Plaintiffs' *Youngberg* arguments have been, at the very least, on the table *since 2015. See Karsjens v. Jesson,* No. 11-3659, 2015 WL 420013, at *9, fn. 17 (D. Minn. Feb. 2, 2015) ("In *Youngberg,* the Supreme Court analyzed whether

10

the state action at issue was "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.") (quoting *Youngberg*, 457 U.S. at 323). Plaintiffs raised *Youngberg* in their briefing and arguments to the district court (as did Defendants). *See e.g.* R. Doc. 1192 at 10:4-8; 12:11-13:8; 13:15-17:6; 18:3-20:8; 21:8-15; 29:14-31:13; 35:8-36:2; 40:4-8; 48:6-16; 49:4-51:11; 52:8-14; 52:21-53:13; D. App. 753, 755-757; D. App. 641. The Parties also fully briefed the issues to this Court, affording Defendants ample opportunity to address their arguments. *See* D. Br. at 22-23; 27-36 (allocating over ten pages to discussing Plaintiffs' *Youngberg* claims). Moreover, this issue was identified in the amicus curiae brief filed by the United States. *See generally,* U.S. Br. at 8-9; 12-25. In sum, there is no risk of unfairness to Defendants for this Court to address the merits of a claim that has been squarely before it for years. *See In re Modern Textile*, 900 F.2d at 1191.

Finally, the Panel decision here perpetuates a miscarriage of justice, *Gregory* 835 F.2d at 184, by ending Plaintiffs' attempts to clarify the constitutional boundaries of indefinite civil commitment of sex offenders in Minnesota. *See Karsjens v. Jesson,* 2015 WL 420013, at *18 ("Not only does this case address the rights of those populations in our society that are most disliked and feared (and a number of individuals who are vulnerable), but it also heightens the concerns and

11

fears of the public at large."). Neither the district court nor the Panel analyzed Plaintiffs' remaining claims as this Court instructed in *Karsjens II.* Instead, the Panel found waiver of the correct standard of law and affirmed the district court based on its analysis of Plaintiffs' constitutional claim in a footnote.

## CONCLUSION

For these reasons, the Plaintiffs respectfully request that the Court rehear the matter *en banc* to correct the Panel's decision that conflicts with the *Beaulieu* decision and affirms the district court's decision applying the incorrect legal standard.

Dated:  August 14, 2023          Respectfully submitted,

    s/Daniel E. Gustafson
Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
David A. Goodwin (#386715)
Anthony J. Stauber (#401021)
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Telephone: (612) 333-8844

***Attorneys for Plaintiffs-Appellants***

12

# CERTIFICATE OF COMPLIANCE

1. This Petition complies with the type-volume limitation of Fed. R. App. P. 35(b)(2)(A) because it contains 2,881 words, excluding the parts of the Petition exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This Petition also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 using 14-point Times New Roman.

Dated: August 14, 2023         s/Daniel E. Gustafson
                               Daniel E. Gustafson

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Dated: August 14, 2023

 s/Daniel E. Gustafson
Daniel E. Gustafson